IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | | |
|---|---|---|---|
| MATTHEW E. LEWIS, | * | | |
| Petitioner, | * | | |
| v. | * | CASE NO. 4:09-CV-32-CDL-GMF | |
| FRED BURNETTE, | * | 28 U.S.C. § 2254 Habeas Corpus Petition | |
| Respondent. | * | | |

## REPORT AND RECOMMENDATION

Petitioner, presently an inmate at Rutledge State Prison in Columbus, Georgia, has filed the above styled Section 2254 action against the named Respondent. He is also seeking leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears that Petitioner is unable to pay the cost of commencing this action, Petitioner's application to proceed *in forma pauperis* is hereby **GRANTED**.

Petitioner must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In accordance with the Prison Litigation Reform Act (PLRA), the Warden of the institution wherein Petitioner is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk

of this court twenty percent (20%) of his prison account until the $350.00 filing fee is paid in full, provided the amount in the account exceeds $10.00.

## DISCUSSION

Petitioner's Application for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Proceedings For The United States District Courts. After preliminary examination, it appears that Petitioner's Application for Federal Writ of Habeas Corpus under 28 U.S.C. § 2254 is subject to summary dismissal as successive.

Petitioner pled guilty to Murder and Armed Robbery upon indictment on July 23, 1990, and received two consecutive life sentences. (R-1, p. 1). A review of Petitioner's previous filings reveals that the current Section 2254 application is Petitioner's second attempt at federal habeas relief. This Court denied Petitioner's previous Section 2254 petition for federal habeas relief, Case Number 4:96-cv-73, on November 15, 1999.

Title 28, U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Here, it does not appear that Petitioner has obtained the required approval from the Eleventh Circuit. Accordingly, this Court is without jurisdiction to review the matter or even order Respondent to respond until authorized to do so by the United States Court of Appeals for the Eleventh Circuit.

THEREFORE, IT IS HEREBY RECOMMENDED that Petitioner's present action

be DISMISSED as successive; Petitioner must seek authorization to file this application in the District Court.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the United States District Judge WITHIN TEN (10) DAYS after being served with a copy hereof.

    **SO RECOMMENDED,** this 30th day of March, 2009.

                                  S/ G. MALLON FAIRCLOTH
                                  UNITED STATES MAGISTRATE JUDGE

lml